1

2

3

4

5

6                                         *E-FILED - 7/14/09*

7

8

9                      IN THE UNITED STATES DISTRICT COURT

10                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| WILLIAM R. HALL, | ) | No. C 08-3212 RMW (PR) |
|---|---|---|
| 12 | ) | |
| Petitioner, | ) | ORDER GRANTING |
| 13      vs. | ) | RESPONDENT'S MOTION TO |
| | ) | DISMISS |
| 14 | ) | |
| BEN CURRY, Warden, | ) | |
| 15 | ) | |
| Respondent. | ) | |
| 16 | ) | (Docket No. 14) |

17        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254 challenging an administrative decision by the California

19   Department of Corrections and Rehabilitation.  In petitioner's amended federal petition,

20   petitioner claims that the California Department of Corrections violated his due process right by

21   reclassifying his placement based on his commitment offense being an "Execution Type

22   Murder."  Respondent challenges the instant petition, arguing that it fails to state a cognizable

23   claim and that it is untimely.  (Resp. Mot., p. 2.)  Although the court granted petitioner's request

24   for an extension of time to file an opposition to the motion, petitioner has failed to do so.  For the

25   reasons stated below, the court will GRANT respondent's motion to dismiss the petition as

26

27

28

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Hall212mtdtime.wpd          1

1   untimely.[1]

## BACKGROUND[2]

In 1997, petitioner was convicted of second-degree murder and sentenced to fifteen years to life, plus four years. (Amended Petition, p. 2.) While incarcerated, petitioner was re-classified by prison officials, resulting in his removal from a Level II placement into a Level III placement. (Id. at 8.) Petitioner pursued administrative appeals concerning his placement. His final appeal at the director's level of review was denied on November 14, 2006. (Id., Ex. B.) On January 11, 2007, petitioner filed a state habeas petition in California Superior Court. (Resp. Mot., Ex. 1.) After the superior court denied his petition, petitioner exhausted his state remedies through to the California Supreme Court which denied his petition on May 16, 2007. (Resp. Mot., Ex. 6.) Petitioner filed the instant federal petition on June 17, 2008.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

---

[1]  Because the court dismisses the petition as untimely, it is unnecessary to address respondent's assertion that the petition fails to state a cognizable claim for relief.

[2]  This factual background is not disputed by the parties.

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Hall212mtdtime.wpd          2

1    Section 2244's one-year limitation period applies to all habeas petitions filed by persons

2    in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent

3    administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061,

4    1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative

5    decisions, § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date

6    the administrative decision becomes final. See id. at 1066 (limitation period began to run the

7    day after he received timely notice of the denial of his administrative appeal challenging

8    disciplinary decision).  The "factual predicate" of the habeas claims is the administrative appeal

9    board's denial of the administrative appeal; it is not the denial of the state habeas petition. See

10   Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).

11       Here, as respondent asserts, the factual predicate of petitioner's claim is the

12   administrative appeal board's denial of petitioner appeal, which occurred on November 14,

13   2006.  (Amended Petition, Ex. B.)  Therefore, the limitations period began running on November

14   15, 2006. See Shelby, 391 F.3d at 1066.  Thus, petitioner had until November 14, 2007 to file

15   his federal habeas petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The

16   instant petition was not field until June 17, 2008, which was after the expiration of the

17   limitations period.  Therefore, absent tolling, petitioner's petition is untimely.

18       The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during

19   which a properly filed application for state post-conviction or other collateral review with

20   respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726

21   (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).

22       The one-year limitations period ran from November 15, 2006 until January 11, 2007

23   when it was tolled by petitioner's filing of his state habeas petition in superior court on January

24   11, 2007,[3] a period of 57 days.  The statute resumed running on May 16, 2007, the date of the

25   _____

26       [3] The mailbox rule applies to the filing of a federal petition for a writ of habeas corpus
     under the AEDPA. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se
27   prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison
     authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214
28   (2002). It also applies to the filing of a state petition for the purposes of calculating the AEDPA

     Order Granting Respondent's Motion to Dismiss
     P:\PRO-SE\SJ.Rmw\HC.08\Hall212mtdtime.wpd        3

1   California Supreme Court denial, and ran until June 17, 2008, the date petitioner gave the

2   petition to prison authorities for mailing, according to the back of the envelope containing

3   petitioner's federal habeas petition.  That period constitutes an additional 397 days.  Therefore, a

4   total of 454 days (57 days plus 397 days) had elapsed before petitioner filed the present petition

5   in federal court.  Accordingly, his petition is untimely because it was filed 89 days (454 days

6   minus 365 days) after the limitations period expired.[4]

7        Further, although equitable tolling may be available in limited cases, petitioner does not

8   offer any bases for such tolling in this case.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th

9   Cir. 2002) (noting that it is petitioner's burden to demonstrate that such an extraordinary

10   exclusion should apply to him).  Accordingly, petitioner's petition must be dismissed as

11   untimely under 28 U.S.C. § 2244(d)(1).

12                                  **CONCLUSION**

13        Respondent's motion to dismiss the petition (docket no. 14) is GRANTED.  The instant

14   petition is DISMISSED.  The clerk shall terminate all pending motions and close the file.

15        IT IS SO ORDERED.

16   Dated:   7/14/09

17                                  RONALD M. WHYTE
                                    United States District Judge

18

19

20

21

22

23

24   _____

25   limitation period.  That is, the one-year limitation period is tolled under 28 U.S.C. § 2244(d)(2)
     starting on the day the prisoner delivers his state petition to prison authorities for forwarding to
26   the court.  See Saffold, 250 F.3d at 1268.

27        [4] The court notes that petitioner's petition itself is dated April 21, 2008.  Even giving
     petitioner the benefit of the doubt and calculating that date as the filing date rather than June 17,
28   2008, the petition is still untimely.

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Hall212mtdtime.wpd        4